1  JOHN C. CRUDEN
   Assistant Attorney General
2  Environment & Natural Resources Division
   U.S. Department of Justice
3

4  MELINDA HAAG (CABN 132612)
   United States Attorney
5  ALEX G. TSE (CSBN 152348)
   Chief, Civil Division
6  SARA WINSLOW (DCBN 457643)
   Assistant United States Attorneys
7      450 Golden Gate Avenue, Box 36055
       San Francisco, California 94102
8      Telephone: (415) 436-6925
       Facsimile: (415) 436-7243
9

10 KENNETH ROONEY (NM BN 128670)
   Trial Attorney
11 Natural Resources Section
   U.S. Department of Justice
12

13 *Attorneys for Federal Defendants*
   (Additional counsel listed on next page)
14

15                    UNITED STATES DISTRICT COURT

16                 NORTHERN DISTRICT OF CALIFORNIA

17                    SAN FRANCISCO DIVISION

18 NAT'L TRUST FOR HISTORIC                 )  Case No.: 3:14-cv-05179-WHA
   PRESERVATION IN THE UNITED STATES,       )
19                                          )
                    Plaintiff,              )  CASE MANAGEMENT STATEMENT –
20     v.                                   )  CORRECTED VERSION
   UNITED STATES POSTAL SERVICE;            )
21 ESTATE, USPS PACIFIC REGION,             )  Date: Thursday, March 26, 2015
                    Defendants.             )  Time: 8:00 a.m.
22                                          )  Judge: Hon. William Alsup
                                            )
23                                          )
                                            )
24                                          )
                                            )
25                                          )
                                            )
26                                          )
                                            )
27 _____)

28 3:14-CV-05179 WHA                        1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Brian R. Turner (CA Bar No. 251687)
SENIOR FIELD OFFICER AND ATTORNEY
NATIONAL TRUST FOR HISTORIC PRESERVATION
BTurner@savingplaces.org
San Francisco Field Office
5 Third St., Suite 707
San Francisco, CA 94103
TEL:  (415) 947.0692
FAX: (415) 947-0699

Elizabeth S. Merritt
DEPUTY GENERAL COUNSEL (DC Bar No. 337261)
NATIONAL TRUST FOR HISTORIC PRESERVATION
EMerritt@savingplaces.org
2600 Virginia Ave. NW, Suite 1100
Washington, DC 20037
TEL: (202) 588-6026
FAX: (202) 588-6038

Attorneys for Plaintiff
NATIONAL TRUST FOR HISTORIC PRESERVATION IN THE UNITED STATES

1

**JOINT CASE MANAGEMENT STATEMENT**

2        Pursuant to Federal Rule of Civil Procedure 26, Civil Local Rule 16-9, and the Court's Standing

3   Order, ECF 17-1, the parties respectfully submit this Corrected Joint Case Management Statement.

4        1.   Jurisdiction and Service

5        Plaintiff alleges this Court has subject matter jurisdiction pursuant to 39 U.S.C. § 409 (suits by

6   and against the Postal Service); 28 U.S.C. § 1331 (federal question, including NEPA, 42 U.S.C. § 4321,

7   *et seq.*, and NHPA, 16 U.S.C. § 470); and 28 U.S.C. § 2201 (declaratory judgment). Plaintiffs contend

8   that the matter is neither moot nor unripe.

9        Defendants assert that this court lacks subject matter jurisdiction because this case is moot or,

10  alternatively, unripe.  Defendants also set forth a number of affirmative defenses in its Motion to

11  Dismiss. *See* ECF No. 47. Defendants agree that service has been completed and that venue is proper in

12  this District.

13        2.   Facts

14        Plaintiff brought suit following the Postal Service's decision to enter into a purchase and sales

15  agreement to sell the Berkeley Main Post Office. On December 3, 3014, Hudson McDonald terminated

16  the Sales Agreement.  *See* Joint Status Report on the Cancellation of the Sales Agreement and Notice of

17  Withdrawal of the Preliminary Injunction Motion, ECF No. 38, Attachment A. Following this Court's

18  December 11, 2014, status conference, Plaintiff amended its Complaint. *See* Am. Compl., ECF No. 21.

19        Plaintiff challenges the following actions of the Postal Service: issuance of a Final Determination

20  Regarding Relocation of Retail Services, issued July 18, 2013; its compliance with the National

21  Environmental Policy Act ("NEPA"), 42 U.S.C. § 4332; and its compliance with the National Historic

22  Preservation Act ("NHPA"), 16 U.S.C. § 470f.  Defendants filed a motion to dismiss on January 22,

23  2015, and that motion is scheduled for a hearing on March 26 at 8:00 a.m.

24

25

26

27

28   3:14-CV-05179 WHA                                           3

3. Legal Issues

Defendants' motion to dismiss has set forth several legal issues: 1) Whether Plaintiff's claims are moot; 2) whether Plaintiff's claims are ripe; 3) whether, even if not moot or unripe, Plaintiff has set forth a private right of action to enforce the Postal Service's compliance with NEPA or the NHPA; and, 4) even assuming a cause of action under the Administrative Procedure Act, whether Plaintiff has identified a final agency action.

4. Motions

If this Court denies Defendants' Motion to Dismiss, and assuming this Court finds that Plaintiff's NEPA and NHPA claims are properly brought pursuant to the provisions of the APA, 5 U.S.C. §§ 701-706, the parties anticipate that this Court will resolve the entire dispute via cross-motions for summary judgment under Federal Rule of Civil Procedure 56 on the basis of the administrative record filed by the Postal Service.

5. Amendment of Pleadings

Plaintiff filed an amended complaint. *See* Am. Compl., ECF No. 21.

6. Evidence Preservation

Plaintiff filed this case challenging final agency action pursuant to the Administrative Procedure Act (APA), 5 U.S.C. § 551-706. The agency has preserved the documents that are part of the administrative record in this case. Accordingly, assuming this Court finds that the APA provides Plaintiffs with the requisite cause of action, the Defendants will prepare the administrative record containing the documents upon which the agency directly or indirectly relied in reaching its decision. *Thompson v. U.S. Dep't of Labor*, 885 F.2d 551, 555 (9th Cir. 1989) ("The 'whole' administrative record, therefore, consists of all documents and materials directly or indirectly considered by agency decision-makers and includes evidence contrary to the agency's position." ); 5 U.S.C. § 706 ("the court shall review the whole record or those parts of it cited by a party . . . .").

3:14-CV-05179 WHA                                    4

1          7.  Disclosures

2          Assuming this Court finds that the APA applies, the parties agree that this case is an action for

3   review on an administrative record pursuant to the APA, 5 U.S.C. § 701 *et seq.*, and is therefore exempt

4   from the initial disclosure requirements of Federal Rule of Civil Procedure 26.  Fed. R. Civ. P.

5   26(1)(B)(i).

6          8.  Discovery

7          No discovery has been taken to date, and none has been proposed.  Because this is an action for

8   review on the administrative record, no discovery is expected.

9          9.  Class Actions

10          This is not a class action.

11          10. Related Cases

12          As this Court held in an order dated December 1, 2014, this case is related to *City of Berkeley, et*

13  *al. v. United States Postal Service*, 3:14-cv-04916-WHA (filed Nov. 5, 2014) (ECF No. 15). A separate

14  case management statement has been filed in that case.

15          In accordance with Fed. R. Civ. P. 42(a), the parties believe that consolidation of the two cases is

16  appropriate in the event this Court does not dismiss the case. The purpose of consolidation is to achieve

17  judicial convenience and economy by avoiding duplicative proceedings. *See Johnson v. Manhattan Ry.*

18  *Co.*, 289 U.S. 479, 496- 497 (1933). Both lawsuits challenge the same Postal Service decisions.  As a

19  consequence, there is overlap in the factual and legal issues between these cases, and the administrative

20  record would conceivably be identical. Consolidation will allow the management of these cases to be

21  integrated and will serve the interest of judicial economy by avoiding duplicative briefing and argument.

22  Finally, because all of these cases are in their initial stages, no party will be prejudiced by their

23  consolidation.

24          11. Relief

25  The relief sought by Plaintiff is as follows:

26

27

28  3:14-CV-05179 WHA                          5

1. Adjudge and declare that the Defendants' determination—that the sale of the Berkeley Main Post Office and relocation of services would have "no adverse effect" on the historic property—was arbitrary, capricious, an abuse of discretion, and otherwise contrary to law.

2. Adjudge and declare that Defendants cannot proceed with the relocation or sale of the Berkeley Main Post Office unless and until the USPS has fully complied with Section 106 and Section 111 of the NHPA.

3. Adjudge and declare that Defendants cannot proceed with the relocation or sale of the Berkeley Main Post Office unless and until the USPS has fully complied with the requirements of NEPA, including the preparation of an Environmental Assessment or EIS.

4. Grant an injunction against Defendants proceeding with the relocation or sale of the Berkeley Main Post Office unless and until the USPS has fully complied with the requirements of the NHPA.

5. Grant an injunction against Defendants proceeding with the sale of the Berkeley Main Post Office unless and until the USPS has fully complied with the requirements of NEPA, including the preparation of an EA or EIS.

6. Award Plaintiff's costs and attorneys' fees pursuant to Section 305 of the NHPA, 16 U.S.C. § 470w-4, the Equal Access to Justice Act, 28 U.S.C. § 2412, and any other applicable provisions of law or equity.

7. Issue any additional relief that the Court deems just and proper.

12. Settlement and ADR

The parties believe that ADR may assist in the resolution of the case.

13. Consent to Magistrate Judge for All purposes

The parties do not consent to a Magistrate Judge for all purposes.

14. Other References

This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation

15. Narrowing of Issues

1    Narrowing issues for presentation at trial is not relevant in this administrative record case, and

2  there is no request to bifurcate issues, claims or defenses

3    16. Expedited Trial Procedure

4    A trial is not expected here.

5    17. Scheduling

6    In the event the Court does not grant Defendant's motion to dismiss, the parties propose the

7  following schedule to lodge the administrative record and resolve any disputes regarding the contents of

8  the administrative record.

| Defendants lodge the administrative record | **60 days** following this Court's order on Defendants' Motion to Dismiss |
|---|---|
| Plaintiff will notify Defendants of any disputes concerning the contents or completeness of the administrative records. | **21 days** |
| Defendants will respond to Plaintiff's concerns regarding the contents and completeness of the administrative records. | **14 days** |
| Deadline for any party to file a motion regarding the completeness of the administrative records, a motion to admit extra-record evidence, or stipulation as to the contents of the administrative record, and as needed, the lodging of a supplemental administrative record. Briefing on any such motion shall proceed in accordance with Civil Local Rule 7. | **7 Days** after the date parties agree on the contents of the administrative record or on the need to seek assistance from the Court to resolve any remaining disputes regarding the contents of the administrative record. In advance of this date, parties agree to try and amicably reach a resolution as to the contents of the record. |

The parties were unable to reach agreement on summary judgment briefing itself. Plaintiff proposes simultaneous summary judgment briefing by all parties. In Plaintiff's view, the merits of their action challenging Defendants' NEPA and NHPA compliance can be most efficiently resolved through cross-motions for summary judgment proceeding on the same briefing schedule. This traditional approach would appropriately assign the last opportunity for briefing to the moving party bearing the burden of proof. Plaintiffs believe that this is not a proceeding, such as those mentioned below, where staggered briefs are necessary for Respondents to understand the precise points at issue. Should the

3:14-CV-05179 WHA                 7

Court prefer a staggered briefing schedule, however, Plaintiffs recommend the elimination of Defendants' proposed reply.

Federal Defendants propose staggered summary judgment briefing.  In their experience, it is more efficient for the plaintiffs to file their brief first, then for the defendants to respond with a combined opposition and cross-motion. If Plaintiff files the opening brief, Defendants will be able to respond to the precise arguments articulated, rather than speculate about what arguments Plaintiff may or may not make. Defendants therefore believe that the Court would be better served by briefs that respond directly to each other, rather than simultaneous briefs that are often less focused upon the precise points at issue. *See, e.g.*, *High Sierra Hikers Assn v. Weingardt*, 521 F.Supp.2d 1065, 1093 (N.D. Cal. Oct. 30, 2007) ("In preparing their joint statement, the parties should keep in mind that the Court prefers staggered, rather than simultaneous, briefing."); *see also Karuk Tribe v. Kelley*, Civ. No. 3:10-cv-2039-WHA (N.D. Cal. filed May 12, 2010) (requiring staggered summary judgment briefing).

Under either a simultaneous or staggered briefing schedule, the parties agree that opening briefs should be filed 45 days after the administrative record is determined to be complete, responses 30 days after opening briefs, and replies filed 21 days after the responses.

*Plaintiffs' proposed simultaneous briefing schedule:*

| | |
|---|---|
| Plaintiff's and Defendants' opening summary judgment briefs | **45 days** after the date the administrative record for judicial review is determined complete, either by stipulation of the parties or pursuant to an Order of the Court resolving any dispute regarding the completeness of the administrative record. |
| Plaintiff's and Defendants' Response briefs | **30 days** after opening summary judgment briefs. |
| Plaintiff's and Defendants' Reply briefs | **21 days** after response briefs. |

*Defendants' proposed staggered briefing schedule:*

| | |
|---|---|
| Plaintiff's Motion for Summary Judgment. | **45 days** after the date the administrative record for judicial review is determined complete, either by stipulation of the parties or pursuant to an Order of the Court resolving any dispute |

| | regarding the completeness of the administrative record. |
|---|---|
| Defendants' Combined Response to Plaintiff's Motion for Summary Judgment and Cross-Motion for Summary Judgment. | **45 days** after Plaintiffs' Combined Motion for Summary Judgment. |
| Plaintiff's Combined Reply in Support of their Motion for Summary Judgment and Response to Defendants Cross-Motion for Summary Judgment. | **30 days** after Defendants' Combined Response to Plaintiffs' Motion for Summary Judgment and Cross-Motion for Summary Judgment. |
| Defendants Reply in Support of Their Motion for Summary Judgment. | **21 days** after Plaintiff's Combined Reply and Response. |

18. Trial

The administrative record will contain the facts relating to each party's claims and defenses, and the parties anticipate that this Court can resolve the entire dispute via cross-motions for summary judgment without the need for a trial. *See Camp v. Pitts*, 411 U.S. 138, 142 (1973) ("the focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court.").

19. Disclosure of Non-Party Interested Entities or Persons

Plaintiffs are not aware of any non-party interested entities or persons.

Defendants are exempt from filing a Certification of Interested Entities or Persons under Civil Local Rule 3-16(a)

20. Professional Conduct

All attorneys of records for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California

21. Such Other Matters As May Facilitate Just, Speedy, and Inexpensive Resolution

The parties are not aware of any matters that may facilitate the just, speedy, and inexpensive disposition of this matter.

3:14-CV-05179 WHA                                    9

1  DATED: March 20, 2015

2                                      Respectfully submitted,

3                                      BRIAN R. TURNER, Attorney (SBN 251687)
4                                      National Trust for Historic Preservation

5                                      ELIZABETH S. MERRITT, Deputy General Counsel
                                       National Trust for Historic Preservation
6
                                       By:  /S/ Brian R. Turner
7                                      Brian R. Turner

8                                      Attorneys for Plaintiff
9                                      NATIONAL TRUST FOR HISTORIC PRESERVATION

10

11

12                                     JOHN C. CRUDEN
                                       Assistant Attorney General
13                                     Environmental & Natural Resources Division

14                                     MELINDA HAAG
                                       United States Attorney
15                                     By:        /s/ Kenneth D. Rooney
                                       KENNETH ROONEY (NMBN 128670)
16                                     Trial Attorney
                                       Natural Resources Section
17
18                                     SARA WINSLOW (DCBN 457643)
                                       Assistant United States Attorneys
19
20                                     *Attorneys for Federal Defendants*

21                                     OF COUNSEL:
                                       JANINE CASTORINA
22                                     Appellate and Commercial Litigation
                                       United States Postal Service
23

24

25

26

27

28  3:14-CV-05179 WHA                          10